Filed 8/31/15  P. v. Escobar CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C078513 |
| Plaintiff and Respondent, | (Super. Ct. No. 62129136) |
| v. | |
| RICKY SANTOS ESCOBAR, JR., | |
| Defendant and Appellant. | |

On March 21, 2014, an argument between defendant Ricky Santos Escobar, Jr., and his spouse M. E. turned physical.  Defendant pushed her, choked her, and dragged her by the hair across the hall to the bathroom.  Defendant left the home but returned a few minutes later to apologize.  When the police arrived, defendant fled through a back door but was later arrested.  Defendant admitted he fled, explaining he was on parole and was not supposed to be at his spouse's home.

1

Defendant pled no contest to false imprisonment by violence and admitted two prior strike allegations in exchange for a sentencing lid of four years. It was also understood that he would be able to request the trial court dismiss the strike priors.[1]

After denying defendant's request to dismiss the strike priors, the court sentenced defendant to state prison for the midterm of two years, doubled for one strike prior.

Defendant appeals. He did not obtain a certificate of probable cause.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

We do note an error, however, in preparation of the abstract of judgment. The trial court awarded 273 actual days and 272 conduct days for a total of 545 days of presentence custody credits. Although the abstract reflects the actual days and the total days, the abstract fails to reflect the conduct days. We will direct the trial court to prepare a corrected abstract accordingly. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

---

[1] At sentencing, the remaining counts (corporal injury to a spouse and resisting an officer, a misdemeanor) and allegations (three prior prison terms) were dismissed.

## DISPOSITION

The trial court is directed to prepare a corrected abstract of judgment reflecting the 272 conduct days awarded at sentencing and to forward a certified copy of the corrected abstract to the Department of Corrections and Rehabilitation.  The judgment is affirmed.

ROBIE , J.

We concur:

RAYE , P. J.

HULL , J.